## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| MICHAEL TERRILL FAIRCLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21-958C |
| v. | ) | (Judge Davis) |
| | ) | |
| THE UNITED STATES, | ) | Filed: March 29, 2022 |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On February 12, 2021, pro se litigant Michael Terrill Faircloth filed this action, seeking damages for unjust conviction and imprisonment. Before the Court is the Government's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, Plaintiff's Complaint fails to state a claim subject to this Court's jurisdiction. Consequently, the Government's Motion is **GRANTED**.

### I.   BACKGROUND

#### A.   Factual History

Plaintiff is currently incarcerated in a medium security federal correctional institution in Coleman, Florida. Three of Plaintiff's prior criminal offenses are relevant to this case. On September 24, 2007, Plaintiff was convicted in the United States District Court for the Middle District of Florida for Possession of Ammunition by a Convicted Felon and sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. §§ 922(g)(1), 924(e), to 120 months imprisonment followed by 60 months of supervised released (hereinafter referred to as the "Ammunition" case). Pl.'s Compl. ¶ 5, ECF No. 1. While serving his Ammunition sentence, Plaintiff was released to a

halfway house from which he later escaped. *Id.* ¶ 7. Plaintiff was indicted in the United States District Court for the Southern District of Florida for the escape (hereinafter referred to as the "Escape" case). *Id.* ¶¶ 8, 11. On or about May 21, 2014, Plaintiff was arrested with a loaded firearm and indicted in the Middle District of Florida for illegal possession of a firearm (hereinafter referred to as the "Firearm" case). *Id.* ¶¶ 9, 10.

While awaiting trial for the Escape and Firearm cases, Plaintiff filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence in his Ammunition case. *Id.* ¶ 15. Plaintiff based this request on the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), which held that imposing an increased sentence under the ACCA's residual clause was unconstitutional and announced a substantive rule that applied retroactively on collateral review. *Id.*; *see* Def.'s Mot. to Dismiss at 20–21 (attaching Op. & Order, *Faircloth v. United States*, No. 2:16-cv-217-FtM-29MRM (M.D. Fla. July 15, 2016)), ECF No. 10. In accordance with this intervening decision, the district court vacated judgment and ordered a full resentencing in Plaintiff's Ammunition case. ECF No. 1 ¶ 18; *see* ECF No. 10 at 22.

On December 5, 2016, the district court resentenced Plaintiff to 41 months imprisonment with no supervised release time for the Ammunition case. ECF No. 1 ¶ 20. In June and August of 2017, respectively, Plaintiff was sentenced to 120 months imprisonment and three years of supervised release time in the Firearm case and 27 months imprisonment with no supervised release time in the Escape case. *Id.* ¶¶ 29, 34. The Firearm sentence was ordered to run consecutively to the "as-yet-imposed-but-anticipated" sentence in the Escape case, *id.* ¶ 29, which was itself ordered to run consecutively to the original Ammunition sentence. *Id.* ¶¶ 29–30, 34–35.

Plaintiff subsequently filed another motion under § 2255 to vacate, set aside, or correct the sentence in his Ammunition case and requested that a credit for the time overserved be applied to

the Firearm and Escape sentences.  *See* ECF No. 10 at 33–35 (attaching Op. & Order, *Faircloth v. United States*, No. 2:06-CR-117-FTM-29MR (M.D. Fla. May 18, 2020)).  Though Plaintiff had already served the maximum sentence of 10 years, the district court declined to decide whether he could receive credit for the time served over 41 months, holding that a challenge to sentence calculation is available only by way of a habeas corpus action after a petitioner exhausts administrative remedies.  *Id.* at 49 ("[E]ven if petitioner is correct in his § 2255 issues, appropriate relief does not include an order to the [BOP] as to how to give petitioner credit on his sentences.").  On September 4, 2020, Plaintiff filed a petition for writ of habeas corpus seeking such credit.  *See id.* at 3.  The petition is pending before the district court.  *Id.*

### B.    Procedural History

On February 21, 2021, Plaintiff filed his Complaint in this Court seeking damages for unjust conviction and imprisonment under 28 U.S.C. §§ 1495, 2513.  *See* ECF No. 1 at 16 ("Relief").  Plaintiff contends he is entitled to compensation because he was "unjustly and unconstitutionally convicted <u>and</u> sentenced as an Armed Career Criminal" in the Ammunition case.  *Id.* ¶ 76 (emphasis in original).  Plaintiff asserts that his resentencing reflects that the alleged "acts," "deeds" or "omissions" constituted "no offense against the United States," and that he did not by misconduct or neglect bring about his prosecution as an Armed Career Criminal because he did not have the requisite prior convictions to qualify for such prosecution.  *Id.* ¶¶ 77–78.

The Government filed its Motion to Dismiss on April 19, 2021.  *See generally* ECF No. 10.  The Government seeks dismissal under RCFC 12(b)(1) for lack of subject-matter jurisdiction, arguing that a certificate of innocence is a jurisdictional requirement for a claim brought under §§ 1495 and 2513.  *Id.* at 12.  The Government asserts that Plaintiff fails to demonstrate this requirement because his resentencing order is insufficient alone to constitute a certificate of innocence.  *Id.* at 13–14.  To the extent the Court does not agree that a certificate is a jurisdictional

3

requirement, the Government argues in the alternative for dismissal on the same basis under RCFC 12(b)(6) for failure to state a claim.  *Id.* at 15–16.

In his opposition, Plaintiff claims "he was and remains factually innocent," Pl.'s Resp. to Def.'s Mot. to Dismiss and Pl.'s Mot. to Summarily Grant Pl.'s Compl. at 6, ECF No. 21, and that he has yet to find any law "that requires that <u>any</u> judge pen and issue a certificate of innocence," *id.* at 9 (emphasis in original).

On September 30, 2021, the Government replied.  *See* Def.'s Reply in Support of Def.'s Mot. to Dismiss and Resp. to Pl.'s Mot. to Summarily Grant Pl.'s Compl., ECF No. 22.  It asserts that Plaintiff has failed to show that the district court order vacating his sentence satisfies the requirements of proof in § 2513 and instead improperly argues for "why he is entitled to a certificate of innocence in the first instance."  *Id.* at 5.

## II.   DISCUSSION

### A.      Jurisdiction of the Court of Federal Claims

Pursuant to the Tucker Act, this Court has jurisdiction over non-tort claims against the United States that are based on (1) the Constitution, (2) an act of Congress, (3) a regulation of the Executive branch, or (4) an express or implied-in-fact contract with the United States. 28 U.S.C. § 1491(a)(1).  The Tucker Act allows a plaintiff to sue the Government for money damages, but it does not provide substantive rights.  *United States v. Testan*, 424 U.S. 392, 398 (1976).  Therefore, "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

One such source of law is 28 U.S.C. § 1495.  Section 1495 provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for

damages by any person unjustly convicted of an offense against the United States and imprisoned."

*Id.* Section 2513 of the same title requires a plaintiff suing under § 1495 to allege and prove:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). It further states that "[p]roof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." *Id.* § 2513(b). This proof is commonly referred to as a "certificate of innocence." *See, e.g.*, *Wood v. United States*, 91 Fed. Cl. 569, 576–79 (2009).

### B.     Standard of Review

Defendant moves to dismiss Plaintiff's claims pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction or, in the alternative, RCFC 12(b)(6) for failure to state a claim.

#### 1.     RCFC 12(b)(1)

Before a court may decide the merits of an action, the plaintiff must establish jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). When deciding a motion to dismiss pursuant to RCFC 12(b)(1) for lack of subject-matter jurisdiction, the Court must accept the facts alleged in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). The Court affords pro se plaintiffs leniency with respect to the formalities of pleading; however, such litigants are not relieved of the requirement to establish jurisdiction. *See Kelley v. Sec'y, United States Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

2.    RCFC 12(b)(6)

Pursuant to RCFC 12(b)(6), this Court may dismiss an action for failure to state a claim upon which relief can be granted.  When deciding whether to dismiss under RCFC 12(b)(6), the Court must accept as true undisputed factual allegations in the complaint and construe them in a light most favorable to the plaintiff.  *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).  To avoid dismissal, the complaint must contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**C.    A Certificate of Innocence is a Jurisdictional Requirement.**

As a threshold matter, the Court must first determine whether a certificate of innocence is a prerequisite to jurisdiction in an unjust conviction case.  Relying on precedent dating back to the Court of Claims, the Government argues that the absence of a certificate of innocence should result in dismissal for lack of jurisdiction under RCFC 12(b)(1).  *See* ECF No. 10 at 13 (citing *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) (per curiam), and *Moore v. United States*, 230 Ct. Cl. 819, 820 (1982)).  Plaintiff, on the other hand, relies on a recent unpublished decision by the Federal Circuit to contend that a certificate of innocence is not a requirement for jurisdiction.  *See* ECF No. 1 ¶ 80 (citing *Bolduc v. United States*, 248 F. App'x 162, 164 (Fed. Cir. 2007)).  These dueling grounds for dismissal have caused disagreement among judges of this court about whether a certificate of innocence is a jurisdictional requirement or merely proof of the facts necessary to establish an unjust conviction claim.  *Compare Wood*, 91 Fed. Cl. at 577–78, *with Winters v. United States*, 140 Fed. Cl. 585, 588 (2018).  Having considered the body of case law, the Court believes the issue presents a jurisdictional question.

In *Grayson*, the plaintiff sued for damages after he was transferred to and held in a mental hospital for federal prisoners.  141 Ct. Cl. at 867.  The Court of Claims rejected the plaintiff's

reliance on § 1495 to establish jurisdiction for his claim. It held that "[§§ 1495 and 2513] must be read together, since the one refers to the other." *Id.* at 869. Under such reading, "the sections confer jurisdiction on this court only in cases where there has been a conviction and in which the other conditions set out in Section 2513 are complied with." *Id.* Because the plaintiff in *Grayson* had not pled the required allegations or supplied the appropriate proof required by § 2513, the Court held he was not within the purview of § 1495. *Id.* The Court of Claims reiterated that holding decades later in *Moore*. In that case, the Court held that a prisoner failed to demonstrate jurisdiction over his unjust conviction claim where he made no showing of the § 2513 requirements, including providing a copy of a certificate of innocence. *Moore*, 230 Ct. Cl. at 820. As *Moore* explained, a claim under § 1495 is "severely restricted by the requirements" of § 2513, "which is jurisdictional and must be strictly construed." *Id.*

Several judges of this court have followed these binding decisions to hold that a certificate meeting § 2513 requirements remains a jurisdictional prerequisite. *See, e.g.*, *Wood*, 91 Fed. Cl. at 577 (examining prior case law and concluding that *Grayson* and *Moore*, among other cases, constitute binding precedent that have not been reversed en banc); *Brewer v. United States*, 2021 WL 655432, at *3 (Fed. Cl. Feb. 19, 2021) (appeal filed Apr. 22, 2021); *Francis v. United* States, 155 Fed. Cl. 78, 82 & n.4 (2021) (appeal filed Nov. 24, 2021).

Conversely, other judges have applied the Federal Circuit's holding in *Fisher* to conclude that the Court of Federal Claims has jurisdiction over a complaint alleging an unjust conviction claim because § 1495 is a money-mandating statute. *See, e.g.*, *Winters*, 140 Fed. Cl. at 588 (citing *Fisher*, 402 F.3d at 1173); *Bobka v. United States*, 133 Fed. Cl. 405, 410 (2017); *Sykes v. United States*, 105 Fed. Cl. 231, 234 (2012). *Fisher* involved a claim for military disability retirement pay pursuant to 10 U.S.C. § 1201. 402 F.3d at 1169. Applying *Fisher*'s reasoning to an unjust

conviction claim under § 1495, these decisions dismissed under RCFC 12(b)(6), rather than RCFC 12(b)(1), where the plaintiffs failed to provide a certificate of innocence.  *See, e.g.*, *Winters*, 140 Fed. Cl. at 589.  The Federal Circuit has recently expressed support for this view, but only in a non-precedential decision that does not purport to (and could not) reverse the *Grayson* line of authority.  *See Nyabwa v. United States*, 696 F. App'x 493, 494–95 (Fed. Cir. 2017).  Just as recently, however, the Federal Circuit issued a per curiam non-precedential decision mirroring the *Grayson* viewpoint.  *See Kenyon v. United States*, 683 F. App'x 945, 948–49 (Fed. Cir. 2017).

Because *Grayson* remains binding precedent addressing the precise issue at hand, the Court finds that a certificate of innocence is a jurisdictional prerequisite under §§ 1495 and 2513.

### D.    The District Court's Order Vacating Plaintiff's Ammunition Sentence Fails to Meet the § 2513 Requirements.

Having determined that a certificate of innocence is a prerequisite for subject-matter jurisdiction, the Court must now determine whether Plaintiff provided proof meeting the requirements of § 2513.  Plaintiff appears to assert that the district court's order vacating the judgment in his Ammunition case and ordering a full resentencing constitutes a certificate of innocence.  *See* ECF No. 21 at 9–10; ECF No. 1 ¶¶ 76–78.  The Government counters that the order is not a certificate of innocence and cannot serve as sufficient proof because it does not include the requisite facts pursuant to § 2513.  ECF No. 10 at 13–14.  The Court agrees with the Government that Plaintiff's resentencing order alone is insufficient to meet § 2513's requirements.

A certificate of innocence must establish "either explicitly or by factual recitation" that: (1) the recipient's conviction has been reversed or set aside on the ground that he is not guilty; (2) he did not commit an offense against the United States; and (3) he did not, by misconduct or neglect, cause his own prosecution.  28 U.S.C. § 2513(a)(1)–(2); *see Humphrey v. United States*, 52 Fed. Cl. 593, 597–98 (2002).  Because § 2513(a) requires that the certificate issue from the

same court that reversed or set aside the conviction, this Court lacks the authority to re-examine facts relating to Plaintiff's conviction or imprisonment.  *See Humphrey*, 52 Fed. Cl. at 596.

Here, the district court's resentencing order is not a certificate of innocence because it does not meet the § 2513 requirements.  In *Humphrey*, a pro se plaintiff sought damages for unjust conviction and imprisonment, arguing that a similar order vacating his sentence constituted a certificate of innocence under §§ 1495 and 2513.  *See id.* at 597.  That order, however, failed to state that the plaintiff did not commit the acts for which he was charged or that his acts constituted no offense against the United States, nor did it absolve him of bringing about his prosecution by misconduct or neglect.  *Id.*  *Humphrey* therefore concluded that the order was not a certificate of innocence demonstrating the requisite facts laid out in § 2513.  *Id.*  Other courts have made like findings with respect to orders vacating sentences.  *See Winters*, 140 Fed. Cl. at 589–90 (holding a § 2255 order from the district court vacating the plaintiff's sentence was not a certificate of innocence because it did not recite the § 2513 requirements); *see also United States v. Mills*, No. 5:03-CR-249-BR, 2013 WL 3864304, at *3–4 (E.D.N.C. July 24, 2013) (denying motion for certificate of innocence based on order vacating sentence), *aff'd*, 773 F.3d 563 (4th Cir. 2014).

Similarly here, the district court's order vacated Plaintiff's judgement and ordered resentencing because Plaintiff's original sentence was increased by the unconstitutional application of the ACCA enhancement—not because he is innocent.  *See* ECF No. 10 at 22.  The order does not state that Plaintiff did not commit the acts underlying his Ammunition case, that his acts constituted no offense against the United States, or that he did not bring about his prosecution by misconduct or neglect.  *Id.*  In fact, Plaintiff pled guilty to the Ammunition offense, and the same court denied Plaintiff's subsequent request to withdraw his guilty plea.  *Id.* at 28 (attaching Op. & Order, *United States v. Faircloth*, No. 2:06-cr-117-FtM-29MRM (M.D. Fla. Oct. 19, 2016)).

In his opposition, Plaintiff largely argues the merits of his claim of entitlement to a certificate of innocence. *See* ECF No. 21 at 4–9. As the Government points out, however, whether to grant such certificate is a decision that lies squarely with the district court that vacated his sentence. *See* ECF No. 22 at 5 (citing *inter alia Humphrey*, 52 Fed. Cl. at 596). Because dismissal for lack of jurisdiction is entered without prejudice, Plaintiff is free to pursue the requisite proof before the appropriate court and, if obtained, refile an unjust conviction claim in this court.[1]

Accordingly, Plaintiff has not provided a certificate of innocence meeting the § 2513 requirements, and thus his Complaint must be dismissed under RCFC 12(b)(1).[2]

## III. CONCLUSION

For these reasons, the Government's Motion to Dismiss Plaintiff's Complaint (ECF No. 10) for lack of jurisdiction pursuant to RCFC 12(b)(1) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. The Clerk shall enter judgment accordingly.

**SO ORDERED.**

Dated: March 29, 2022                                  */s/ Kathryn C. Davis*
                                                       KATHRYN C. DAVIS
                                                       Judge

---

[1] The Government indicates that Plaintiff is currently pursuing a writ of habeas corpus in the Middle District of Florida. Because the Court is dismissing under RCFC 12(b)(1), it need not address the Government's alternative suggestion that the Court stay the instant case pending resolution of his habeas petition.

[2] For the same reason, assuming the question presented in the Government's motion were not jurisdictional, Plaintiff's Complaint would nonetheless be subject to dismissal under RCFC 12(b)(6). Under either analysis, Plaintiff's failure to provide a certificate of innocence satisfying § 2513 is dispositive.